**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAKOTA HANSEN,
ROBERT CHRISTENSEN, individually and
on behalf of others similarly situated,

      Plaintiffs

v.

ROBINSON NEVADA MINING
COMPANY,

      Defendant

Case No.: 3:26-cv-00062-MMD-CSD

**Order**

Re: ECF No. 26

Before the court is Defendant Robinson Nevada Mining Company's (Robinson) motion to stay discovery pending resolution of its motion to dismiss Plaintiffs' amended complaint. (ECF No. 26.) Plaintiffs filed a response. (ECF No. 45.) No reply was filed.

For the reasons set forth below, Robinson's motion is denied.

**I. BACKGROUND**

Plaintiffs Dakota Hansen and Robert Christensen bring this collective and class action for unpaid wages and other damages for alleged violations of the Fair Labor Standards Act (FLSA) and Nevada law. They are proceeding with their amended complaint. (ECF No. 21.)

Plaintiffs allege they worked 48 to 60 hours "on the clock" per week, but were not paid for all hours worked.

First, Plaintiffs allege they were not paid for time spent "donning and doffing" safety gear and protective clothing before and after shifts while "off the clock."

Second, Plaintiffs allege that Robinson paid Plaintiffs according to its bonus pay scheme, which included non-discretionary bonuses, such as safety bonuses, productivity bonuses, referral

bonuses and gainshare bonuses, but these were not included in Plaintiffs' regular rates of pay for overtime purposes.

Third, Plaintiffs allege that Robinson improperly deducts earned for uniforms and for dry cleaning of these uniforms.

Finally, Plaintiffs aver that Robinson failed to timely pay all wages due and owing to the employees who have separated from their employment.

Based on these allegations, Plaintiffs assert the following claims: (1) failure to pay overtime wages under the FLSA; (2) failure to pay for all hours worked under Nevada law; (3) failure to pay minimum wages under Nevada law; (4) failure to pay overtime wages under Nevada law; (5) failure to pay all wages upon termination under Nevada law; and (6) unlawful wage deductions for special uniforms, accessories and cleaning under Nevada law.

Robinson has moved to dismiss Plaintiffs' amended complaint. (ECF No. 24.) That motion is fully briefed and pending resolution by District Judge Du.[1] Robinson has simultaneously moved for a stay of discovery pending resolution of the motion to dismiss by the district judge. (ECF No. 26.)

## II. DISCUSSION

"Courts have broad discretionary power to control discovery." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citation omitted). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Id*. (quotation marks and citation omitted). "Instead, a party seeking to stay discovery carries the heavy burden of making a strong showing why discovery

---

[1] Robinson previously moved to dismiss Plaintiffs' original complaint, but Plaintiffs filed an amended complaint, rendering the motion to dismiss moot. (ECF Nos. 17, 20, 21.)

should be denied." *Id.* (citation omitted). At the outset, courts are guided by Federal Rule of Civil Procedure 1 to ensure a "just, speedy, and inexpensive determination of every action and proceeding."

Judges within the District of Nevada have used varying approaches to determine whether a stay of discovery is warranted while a potentially dispositive motion is pending: the "preliminary peek" approach and the "good cause" approach.

This court has generally used the preliminary peek approach, which requires the court to assess (1) whether the pending motion is potentially dispositive; (2) whether the potentially dispositive motion can be decided without additional discovery; and (3) after taking a preliminary peek at the merits of the potentially dispositive motion, is convinced that the motion may be successful and the claims will be dismissed. *Id*. (citation omitted).[2]

"The fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery." *Kor Media*, 294 F.R.D. at 583 (citation omitted).

"[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Trzaska v. Int'l Game Tech.*, No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011) (emphasis original).

Robinson argues that its motion to dismiss is dispositive of all claims, can be determined without discovery, and will be successful. Robinson contends the federal FLSA claim will be dismissed because the activities Plaintiffs complain of—donning and doffing of protective and

---

[2] Under the more lenient "good cause" approach, courts evaluate: (1) whether the dispositive motion can be decided without further discovery; and (2) whether good cause exists to stay discovery. *See Schrader v. Wynn Las Vegas, LLC*, 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021) (citations omitted). Good cause may exist if the moving party convinces the court the plaintiff cannot state a claim. *Id*. It may also exist when other factors are present, such as undue burden or expense or prejudice. *Id*.

3

safety gear—are not compensable because they are *de mininmis*. Robinson also argues that Plaintiffs cannot state a claim under the FLSA regarding nondiscretionary bonuses not being factored into the overtime calculation, because the allegations are conclusory and not supported by the facts. Robinson further contends there are various deficiencies with Plaintiffs' claims under Nevada law.

The court has undertaken a preliminary peek of the motion to dismiss and is not convinced the case will be dismissed with prejudice such that discovery at this point would be a wasted effort. Instead, it is likely that Plaintiffs will be given leave to amend to attempt to assert cognizable claims for relief.

With respect to the claim concerning donning and doffing of protective and safety gear, "activities performed either before or after the regular work shift, … are compensable if those activities are an integral and indispensable part of the principal activities." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 902 (9th Cir. 2003) (citations and quotation marks omitted). *Alvarez* held, however, that the donning and doffing of "non-unique" protective gear—such as hardhats and safety goggles—was not compensable because "[t]he time it takes to perform these tasks vis-à-vis non-unique protective gear is *de minimis* as a matter of law." *Id*. at 903. The court relied on the Supreme Court's explanation that this was the case because the donning and doffing of non-unique protective gear took "only a few seconds or minutes of work beyond the scheduled working hours[.]" *Id*. (citation and quotation marks omitted).

Plaintiffs allege the hourly employees of Robinson were required to don and doff safety gear and clothing including hard hats, reflective clothing, ear protection, steel toed boots, safety glasses, dust masks, respirators, and gloves, and were required to store these items, off the clock and without compensation. (ECF No. 21 at 8 ¶ 75.) Plaintiffs allege these tasks took between 30

and 45 minutes each workday. Judge Du may determine that the amount of items employees were required to don and doff, coupled with the time it took to do so, goes beyond the *de minimis* holding in *Alvarez*, which referenced tasks that took only seconds or minutes. Moreover, even if Judge Du concludes the allegations are deficient in this regard, Plaintiffs may be able to include additional allegations that take their claim out of the realm of that which is considered *de minimis* and not requiring compensation.

Insofar as the nondiscretionary bonuses claim is concerned, while conclusory allegations may result in dismissal of a claim, they almost always can be cured with leave to amend.

As the court has found Plaintiffs are likely to be given leave to amend if their FLSA claims are dismissed, it need not reach the other arguments made with respect to Plaintiffs' various claims under Nevada law.

In sum, the court finds that Robinson's motion is not truly dispositive and is not convinced that the motion will be successful in achieving the outright dismissal of Plaintiffs' claims.

### III. CONCLUSION

Robinson's motion to stay discovery pending resolution of its motion to dismiss (ECF No. 26) is **DENIED**. On or before **March 17, 2026,** the parties shall submit a proposed discovery plan and scheduling order that complies with Local Rule 26-1.

**IT IS SO ORDERED**.

Dated: March 6, 2026

Craig S. Denney
United States Magistrate Judge