Esther C. Rodriguez (NSBN 006473)
Rodriguez Law Offices, P.C.
10161 Park Run Drive, Suite 1510
Las Vegas, NV 89145
info@rodriguezlaw.com

Alyssa J. White (TSBN 24073014)
Josephson Dunlap LLP
11 Greenway Plaza, Suite 3050
Houlston TX  77046
awhite@mybackwages.com

*Attorney for Plaintiffs and the*
*Hourly Employees*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAKOTA HANSEN and ROBERT CHRISTENSEN, individually and on behalf of others similarly situated,<br><br>vs.<br><br>ROBINSON NEVADA MINING COMPANY, | Case No. 3:26-cv-0062-MMD-CSD<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION REGARDING DISCOVERY DISPUTE** |

Plaintiffs Dakota Hansen and Robert Christensen oppose Robinson Nevada Mining Company's Motion Regarding Discovery Dispute (Doc. 52) and hereby file this Response pursuant to LR 1-1(b)(2) and the Court's Standing Order.

**1.  Statement of Unresolved Issues.**

The Parties have three disagreements stemming from the Joint Discovery Plan and Scheduling Order. Doc. 50. First, the Parties dispute the timing to exchange initial disclosures and whether documents may be produced before a protective order is entered. Second, the Parties dispute the appropriate scope of discovery. Finally, the Parties disagree regarding effectuation of service via email. Despite conferral, the Parties are unable to resolve these disputes and request the Court provide guidance as to the same.

**2. Plaintiffs' Position.**

    **A. Date of Initial Disclosures and Whether Documents May be Produced Before Entry of a Protective Order.**

Plaintiffs contend initial disclosures should be exchanged on March 31, 2026, in accordance with the timing requirements set forth in Fed. R. Civ. P. 26(a)(1)(C).

Additionally, the Parties have agreed to submit a stipulated protective order in this matter, but have not yet done so. Plaintiffs contend documents should be timely produced without regard for whether the Court has entered a protective order. Otherwise, Defendant will have free reign to withhold documents in violation of the timing requirements in the Federal Rules, prejudicing Plaintiffs' ability to conduct discovery. That risk is substantial and concerning, given this case has been on file for more than eight months and Defendant has made no efforts towards entry of a protective order. Plaintiffs propose the Parties should timely produce documents, with the caveat that they may be marked confidential and treated as such pursuant to any protective order entered thereafter. Doing so will ensure discovery is not delayed while the Parties finalize the terms of a stipulated protective order. *See United States v. Lopez*, No. 2:23-CR-00055-CDS-DJA, 2025 WL 3079281, at *3 n.6 (D. Nev. Nov. 3, 2025) ("Finalizing the terms of any protective order will not constitute a reason to delay deadline to produce the documents."); *Thompson v. Experian Info. Sols., Inc.*, No. 24-CV-08896-VC (PHK), 2025 WL 1819774, at *7 (N.D. Cal. July 2, 2025) ("[Defendant] may produce any confidential documents at any time before entry of a formal Protective Order and, if so produced and marked as confidential, any such confidential documents SHALL, by operation of this Order, be treated by all Parties and their counsel as if they were produced pursuant to the terms of the Court's Model Stipulated Protective Order").

In the alternative, Plaintiffs propose a compromise: if the Court finds document production improper before entry of a protective order, Plaintiffs request that the Court enter a deadline for the

Parties to submit a stipulated protective order on or before March 30, 2026. Doing so would allow for timely document production subject to a protective order on file.

### B. Scope of Discovery.

Plaintiffs contend discovery will be necessary as to: size, scope, and members of the Putative Class (as to both the FLSA Collective and the Nevada Class); the work schedules, hours worked (including overtime hours) and wages paid to Plaintiffs and the Putative Class; the pay, time, dates of employment, work location, job title, supervisor, and personnel records for the Putative Class; the extent to which Plaintiffs and the Putative Class Members are similarly situated; the scope and locations of Defendant's operations in Nevada and throughout the United States; Defendant's handbooks and personnel and employment policies, including but not limited to Defendant's pay policies, overtime policies, bonus policies, safety policies, timekeeping policies, clock in/clock out policies, and policies relating to off the clock work; Defendant's pay and timekeeping methods for and instructions to Plaintiffs and the Putative Class Members; the identities of Defendant personnel with knowledge relevant to this action and the nature of the relevant knowledge held by each such individual; Internal and external Defendant audits, reviews, and/or internal and/or external communications regarding payment of wages, overtime compensation, bonuses, safety, personal protective equipment, timekeeping, off the clock work, clocking in and/or out; the job duties of the Putative Class Members; the nature and extent of any unpaid pre-shift and/or post-shift work Plaintiffs and the Putative Class Members performed and the amount of time spent on unpaid pre-shift and/or post-shift work; the type(s) and amount of bonuses and shift differentials paid to Plaintiffs and the Putative Class Members, and the circumstances in which each type of bonus and shift differential was paid; the amount of damages owed to Plaintiffs and the Putative Class Members; whether Defendant's actions were undertaken in good faith; whether Defendant acted willfully; and Defendant's affirmative defenses.

Each of the foregoing subjects are relevant and discoverable because they are necessary for Plaintiffs to meet their burden to show they are similarly situated for purposes of FLSA conditional

certification and Rule 23 class certification. Further, discovery as to Defendant's policies, pay practices, and affirmative defenses is relevant to the merits of Plaintiffs' wage and hour claim.

### C. Service of Documents Via Email.

Plaintiffs request that service of non-filed documents include the following individuals: mjosephson@mybackwages.com, adunlap@mybackwages.com, awhite@mybackwages.com, jcline@mybackwages.com, tgillette@mybackwages.com, rburch@brucknerburch.com, esther@rodriguezlaw.com, susan@rodriguezlaw.com, nsavio@mybackwages.com, tmaddox@mybackwages.com, litteam@mybackwages.com, and robinson-hansen@mybackwages.com.

Including the above recipients in all non-filed documents for service will ensure service is properly effectuated to Plaintiffs' counsel and will eliminate any potential disputes as to proper service. Moreover, ordering service on the above recipients will not require Defendant to "locate additional individuals," but will ensure all necessary recipients are identified in the Court's Order so all Parties can ensure proper service is made.

### 3. Requested Compromise or Resolution.

Plaintiffs' position and compromises are set forth in their position above. Plaintiffs respectfully request the Court resolve the Parties' dispute via entry of a modified Joint Discovery Plan and Scheduling Order reflecting the positions set forth herein.

Dated: March 25, 2026.

Respectfully submitted,

**JOSEPHSON DUNLAP**

By: */s/ Alyssa J. White*
Alyssa J. White
TX Bar No. 24073014
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100; Fax: (713) 352-3300
awhite@mybackwages.com

4

Esther C. Rodriguez
Nevada State Bar No. 006473
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400; Fax: (702) 320-8401
esther@rodriguezlaw.com

**ATTORNEYS FOR PLAINTIFFS &
THE HOURLY EMPLOYEES**

## CERTIFICATE OF SERVICE

On March 25, 2026, I electronically filed the foregoing via electronic service through the Court's CM/ECF system which will serve all counsel of record.

*/s/ Alyssa J. White*
**Alyssa J. White**