**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAKOTA HANSEN,
ROBERT CHRISTENSEN, individually and on behalf of others similarly situated,

Plaintiffs

v.

ROBINSON NEVADA MINING COMPANY,

Defendant

Case No.: 3:26-cv-00062-MMD-CSD

**Order**

Re: ECF No. 70

Defendant has filed a motion to stay discovery pending resolution of its motion to dismiss Plaintiffs' second amended complaint. (ECF No. 70.) Plaintiffs filed a response. (ECF No. 72.) Defendant did not file a reply.

## I. BACKGROUND

Plaintiffs Dakota Hansen and Robert Christensen bring this collective and class action for unpaid wages and other damages for alleged violations of the Fair Labor Standards Act (FLSA) and Nevada law.

Defendant moved to dismiss the original complaint in November of 2025, and filed a motion to stay discovery. The parties ultimately stipulated to allow Plaintiffs to amend. (ECF Nos. 17, 18, 20.) Defendant then moved to dismiss the first amended complaint, and again, filed a motion to stay discovery. (ECF Nos. 24, 26.) On March 6, 2026, the undersigned denied the motion to stay discovery as it was not convinced that the case would be dismissed with prejudice such that discovery would be a wasted effort, and that it was likely Plaintiffs would be given leave to amend to attempt to assert cognizable claims for relief. (ECF No. 46.)

The parties then filed a stipulated discovery plan and scheduling order, which the court approved, making discovery due by November 2, 2026, and dispositive motions due on January 6, 2027. (ECF Nos. 49, 50.)

Plaintiffs then filed a motion for leave to file a second amended complaint, which Defendant did not oppose. (ECF Nos. 64, 65, 66.) Nevertheless, Defendant then filed a motion to dismiss the second amended complaint (ECF No. 68) and a third motion to stay discovery (ECF No. 70).

The second amended complaint alleges that Defendant does not pay Plaintiffs and other hourly employees for all hours worked, including allegations that :time spent suiting in and out of protective clothing and safety gear prior to the start of their shifts and after their shifts; that Defendant's policy violates the FLSA and Nevada law by depriving the employees of wages, including overtime, for hours worked, and violates Nevada law by not paying earned wages for all hours worked on termination of employment; Defendant fails to pay overtime wages at the required premium rates; Defendant's bonus pay scheme violates the FLSA and Nevada law; and Defendant deducts earned wages from the employees for uniforms it provides and cleaning of the uniforms in violation of Nevada law. (ECF No. 67.)

Most recently, the parties submitted, and the court approved, an amended scheduling order (ECF Nos. 75, 76). The parties have already completed initial disclosures and written discovery. The discovery cutoff has been extended to January 1, 2027, with expert disclosures due on November 3, 2026 and rebuttal expert disclosures due on December 4, 2026. Motions for conditional class certification are to be filed by November 30, 2026, and motions for class certification by January 29, 2027.

///

## II. DISCUSSION

"Courts have broad discretionary power to control discovery." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citation omitted). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Id*. (quotation marks and citation omitted). "Instead, a party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (citation omitted). At the outset, courts are guided by Federal Rule of Civil Procedure 1 to ensure a "just, speedy, and inexpensive determination of every action and proceeding."

Judges within the District of Nevada have used varying approaches to determine whether a stay of discovery is warranted while a potentially dispositive motion is pending: the "preliminary peek" approach and the "good cause" approach.

This court has generally used the preliminary peek approach, which requires the court to assess (1) whether the pending motion is potentially dispositive; (2) whether the potentially dispositive motion can be decided without additional discovery; and (3) after taking a preliminary peek at the merits of the potentially dispositive motion, is convinced that the motion may be successful and the claims will be dismissed. *Id*. (citation omitted).[1]

"The fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery." *Kor Media*, 294 F.R.D. at 583 (citation omitted).

---

[1] Under the more lenient "good cause" approach, courts evaluate: (1) whether the dispositive motion can be decided without further discovery; and (2) whether good cause exists to stay discovery. *See Schrader v. Wynn Las Vegas, LLC*, 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021) (citations omitted). Good cause may exist if the moving party convinces the court the plaintiff cannot state a claim. *Id*. It may also exist when other factors are present, such as undue burden or expense or prejudice. *Id*.

"[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Trzaska v. Int'l Game Tech.*, No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011) (emphasis original).

Defendant's arguments in the motion to stay discovery and by and large the same as were asserted in the prior motion to stay discovery, which the court denied. Defendant adds that Plaintiffs have now filed three complaints, but they have not addressed the deficiencies outlined in Defendant's prior motions to dismiss, and therefore, it is unlikely they will be given leave to amend.

While Plaintiffs have filed three complaints, neither the motion to dismiss the original or first amended complaint was ever addressed by the district judge, so the court does not accept Defendant's argument that the filing of three complaints will necessarily result in a dismissal of this action with prejudice.

Instead, for the reasons previously stated in the order denying the second motion to stay discovery, the court is still not convinced that this action will be dismissed with prejudice. Moreover, the parties acknowledge they have already engaged in significant discovery, and staying discovery at this juncture would not further the just and speedy determination of this action. Therefore, Defendant's motion to stay discovery is denied.

## III. CONCLUSION

Defendant's motion to stay discovery (ECF No. 70) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 3, 2026

Craig S. Denney
United States Magistrate Judge